WILLIAM W. WISMAN, Appellant, v. HELEN FAYE WISMAN, Respondent.

No. 10545

April 9, 1980                                   608 P.2d 1110

*John F. O'Reilly,* Las Vegas, for Appellant.

*Manos & Cherry,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 7, 1974, a decree of divorce was entered in the district court terminating the marriage of appellant William W. Wisman and respondent Helen Faye Wisman. In the decree the court ordered appellant to pay alimony to respondent in the amount of $1,000 per month until such time as respondent remarried, died, "or until further order of this Court."

On April 8, 1977, appellant, seeking to reduce the amount of the alimony payments, filed a motion to modify the decree of divorce. The district court ruled that it was without power to hear the motion because it had not expressly retained jurisdiction to modify the divorce decree. Appellant thereafter moved the court to rehear its order denying the motion to modify. The court denied the motion for rehearing and this appeal followed.

In 1974, when the instant divorce decree was entered, unaccrued alimony payments could not be modified "unless the court expressly retained jurisdiction for such modification at the final hearing." NRS 125.170.[1] Here, appellant contends the language in the divorce decree which provides that alimony shall be paid "until further order of this Court" is a sufficient reservation of jurisdiction by the court to modify the decree. Therefore, he argues, the district judge erroneously determined that he was without power to hear the motion to modify. We agree.

In Lewis v. Lewis, 53 Nev. 398, 407–408, 2 P.2d 131, 134 (1931), this court stated that "if the right is reserved by the trial court to make additional or further orders . . . with reference to . . . alimony payments, and if a proper showing is made, the trial court has ample power and authority to modify and amend its decree in divorce cases in the foregoing respects." Thus, the district court having conditioned the payment of alimony in this case "until further order", it clearly retained the power to modify the divorce decree regarding alimony. Accordingly, the order of the district court denying appellant's motion to modify is reversed and this case is remanded for further proceedings.

---

[1]NRS 125.170 was repealed in 1975. 1975 Nev. Stats., ch. 744 § 3, at 1589.